UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS COX,<br><br>    Petitioner,<br><br>v.<br><br>W.L. MUNIZ,<br><br>    Respondent. | Case No. 17-cv-05723-JD<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY** |

Nicholas Cox, a pro se state prisoner, has brought a habeas petition pursuant to 28 U.S.C. § 2254. The Court ordered respondent to show cause why the writ should not be granted. Respondent filed an answer and a memorandum of points and authorities in support of it, and lodged exhibits with the Court. The petition is denied.

## BACKGROUND

On October 8, 2013, Cox was found guilty at a jury trial of shooting at an occupied building, shooting from a vehicle and of being a violent felon in possession of a firearm. Clerk's Transcript ("CT") at 593-97, 714-24. The jury deadlocked on an attempted murder charge, which was later dismissed by the prosecutor. *Id.* at 596, 763. The trial court found that Cox had committed a prior strike offense, and he was sentenced to 40 years to life in state prison. *People v. Cox*, No. A142894, 2016 WL 4939292, at *2 (Cal. Ct. App. Sep. 16, 2016). On September 16, 2016, the California Court of Appeal affirmed the conviction. *Id.* at *1. The California Supreme Court denied review. Answer, Ex. 8.

## STATEMENT OF FACTS

The California Court of Appeal summarized the facts as follows:

> On the evening of March 7, 2010, defendant was at Vinnie's Bar and Grill (the "bar") in Concord. At approximately 8:30 p.m., he was standing outside in front of the business and got into an

> argument with two men from Afghanistan. One of the men displayed a black handgun in his waistband and told defendant he should leave. Beau Baker, who was smoking a cigarette outside the bar, witnessed the argument. After the exchange ended, Baker and defendant had a brief, uneventful conversation, and defendant went inside the bar. Defendant left a short time later.
>
> At approximately 10:30 p.m., defendant drove past the front of the bar and fired several shots with a handgun. Baker, who was again standing in front of the business, was struck in the neck with a bullet. FN. 3
>
>> FN. 3 Although Baker survived the shooting, he was temporarily rendered a paraplegic, and at the time of trial, used a cane when walking.
>
> Later, a forensic specialist with the police department investigating the shooting found two more bullets in a window frame of the bar that likely came from the gun defendant fired. The officer also found a separate bullet hole in a window, but did not find the bullet.
>
> Witnesses gave differing versions of events. The details of their testimony are largely irrelevant to this appeal, so we describe them only briefly.
>
> Defendant said he drove in front of the bar to pick up his girlfriend. As he approached, he saw one of the Afghan men he had argued with earlier. The man pointed a handgun at him, and in response, he reached under the car seat to grab a handgun. Defendant then heard glass explode inside the car and realized the man was shooting at him. Defendant returned fire and drove away. He did not see Baker in front of the bar and had no intention of shooting Baker.
>
> Baker stated he saw defendant drive to the front of the building and extend his right arm. Baker saw a flash and tried to duck out of the way, but was hit. He did not see an Afghan man shooting at defendant.
>
> Other prosecution witnesses also testified they did not see an Afghan man standing in front of the bar at the time of the shooting.

*Cox,* 2016 WL 4939292 at *1-2.

## STANDARD OF REVIEW

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in

2

light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

A state court decision is "contrary to" Supreme Court authority only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority if it correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 411. Rather, the application must be "objectively unreasonable" to support granting the writ. *Id.* at 409.

Under §2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *See Miller-El*, 537 U.S. at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000). In conducting its analysis, the federal court must presume the correctness of the state court's factual findings, and the petitioner bears the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The state court decision to which § 2254(d) applies is the "last reasoned decision" of the state court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803-04 (1991); *Barker v. Fleming*, 423 F.3d 1085, 1091-92 (9th Cir. 2005). When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the Court looks to the last reasoned opinion. *See Nunnemaker* at 801-06; *Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000). In this case the Court looks to the opinion from the California Court of Appeal.

As grounds for federal habeas relief, Cox alleges that: (1) the trial court erred by failing to instruct the jury on discharge of a firearm in a grossly negligent manner; and (2) the trial court

3

1  erred by refusing to instruct the jury on imperfect self-defense.

## LESSER INCLUDED OFFENSE INSTRUCTION

Cox argues that the trial court erred by not sua sponte instructing the jury on shooting a firearm in a grossly negligent manner as a lesser included offense of shooting at an occupied building. Cox concedes that he never requested the instruction.

**Legal Standard**

A challenge to a jury instruction solely as an error under state law does not state a claim cognizable in federal habeas corpus proceedings. *See Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991). The failure of a state trial court to instruct on lesser included offenses in a noncapital case does not present a federal constitutional claim. *See Solis v. Garcia*, 219 F.3d 922, 929 (9th Cir. 2000). However, "the defendant's right to adequate jury instructions on his or her theory of the case might, in some cases, constitute an exception to the general rule." *Solis*, 219 F.3d at 929 (citing *Bashor v. Risley*, 730 F.2d 1228, 1240 (9th Cir. 1984)). *Solis* suggests that there must be substantial evidence to warrant the instruction on the lesser included offense. *See Solis*, 219 F.3d 929-30 (no duty to instruct on voluntary manslaughter as lesser included offense to murder because evidence presented at trial precluded a heat of passion or imperfect self-defense instruction; no duty to instruct on involuntary manslaughter because evidence presented at trial implied malice).

Due process does not require that an instruction be given unless the evidence supports it. *See Menendez v. Terhune*, 422 F.3d 1012, 1029 (9th Cir. 2005). The defendant is not entitled to have jury instructions raised in his or her precise terms where the given instructions adequately embody the defense theory. *United States v. Del Muro*, 87 F.3d 1078, 1081 (9th Cir. 1996). To obtain relief for the state court's refusal to give an instruction, the error must so infect the trial that the defendant was deprived of the fair trial guaranteed by the Fourteenth Amendment. *See Dunckhurst v. Deeds*, 859 F.2d 110, 114 (9th Cir. 1988).

**Discussion**

The California Court of Appeal denied this claim:

"[T]he sua sponte duty to instruct on a lesser included offense arises

4

if there is substantial evidence the defendant is guilty of the lesser offense, but not the charged offense." (*People v. Breverman* (1998) 19 Cal. 4th 142, 177.) "The court must, on its own initiative, instruct the jury on lesser included offenses when there is substantial evidence raising a question as to whether all the elements of a charged offense are present [citations] and when there is substantial evidence that the defendant committed the lesser included offense, which, if accepted by the trier of fact, would exculpate the defendant from guilt of the greater offense." (*People v. Cook* (2006) 39 Cal. 4th 566, 596.)

Section 246 states, in pertinent part: "Any person who shall maliciously and willfully discharge a firearm at an . . . occupied building . . . is guilty of a felony." Section 246.3, in turn, makes it unlawful to "willfully discharge [ ] a firearm in a grossly negligent manner which could result in injury or death." (§ 246.3, subd. (a).)

In *People v. Ramirez* (2009) 45 Cal. 4th 980, 990 (*Ramirez*), the Supreme Court held section 246.3 is a lesser included offense of section 246. The court explained: "The high probability of human death or personal injury in section 246 is similar to, although greater than, the formulation of likelihood in section 246.3[, subdivision] (a), which requires that injury or death 'could result.' The only other difference between the two, and the basis for the more serious treatment of a section 246 offense, is that the greater offense requires that an inhabited dwelling or other specified object be within the defendant's firing range." (*Ramirez*, at p. 990.)

A trial court has no obligation to instruct on a lesser included offense, however, where the evidence, if credited, is such that the defendant necessarily committed the charged, greater offense and cannot have committed only the lesser included offense. (*See People v. Moye* (2009) 47 Cal. 4th 537, 548.) Defendant does not dispute his actions resulted in a high probability of death or personal injury. The evidence also indisputably showed an occupied building was within his firing range, Baker was standing in front of it when he was shot, defendant was trying to shoot at a man standing in front of the building, and the two bullets that likely came from defendant's gun were found in the window frame. In short, there was no substantial evidence defendant was guilty of the lesser offense of shooting in a grossly negligent manner in violation of section 246.3, but not of the charged, greater offense of shooting at an occupied building in violation of section 246.

Defendant argues the intent requirements of sections 246 and 246.3 are different because section 246 requires a person to act "maliciously and willfully" while section 246.3 only requires a defendant to act "willfully." He further contends there was substantial evidence he did not act maliciously because there was testimony he fired the gun in self defense. This argument fails because "[a]lthough the mens rea requirements are somewhat differently described [in sections 246 and 246.3, subd. (a)], both are general intent crimes." (*Ramirez*, supra, 45 Cal.4th at p. 990; see also *People v. Overman* (2005) 126 Cal. App. 4th 1344, 1357, fn. 5 (*Overman*) ["As used in section 246, the terms 'maliciously' and 'willfully' are expressions of the statute's general intent

5

> requirement."].)
>
> As general intent crimes, the required mental state for each "consists of an intent to do the act that causes the harm." (*Overman*, *supra*, 126 Cal. App. 4th at p. 1361.) Here, there is no dispute defendant intended do an act that caused harm-he admitted to intentionally shooting at a person standing in front of the occupied bar.
>
> That the jury deadlocked on the attempted murder charge as to Baker (and the lesser included charges as to that crime) does not advance defendant's argument that the trial court erred in failing to instruct on the lesser included offense of shooting in a grossly negligent manner. According to defendant, the jury's indecision on the attempted murder count "suggests that the jury had doubts about whether [defendant] intended to shoot Baker." But whether defendant intended to shoot Baker was not the salient issue as to whether he shot at an occupied building. Rather, as discussed above, that crime and the lesser crime of shooting in a grossly negligent manner were general intent crimes, and the evidence overwhelmingly establishes that defendant intended to shoot towards the building.
>
> In sum, given the state of the evidence, the trial court was not required to sua sponte instruct the jury on shooting a firearm in a grossly negligent manner. FN. 5
>
> > FN. 5 We therefore need not, and do not, address defendant's assertion his due process and fair trial rights were implicated by the trial court's failure to instruct on the lesser included offense. In any case, *People v. Breverman*, *supra*, 19 Cal. 4th at pp. 177-178, holds failure to instruct on a lesser included offense in a noncapital case does not amount to constitutional error.

*Cox,* 2016 WL 4939292 at *2-3.

The California Court of Appeal found no error for the trial court's failure to instruct sua sponte on the lesser included offense. The state court discussed the intent elements for each offense and found that the jury was properly instructed because there was no evidence to support issuing an instruction on shooting a firearm in a grossly negligent manner. To the extent that Cox asserts a violation of state law regarding the lesser included offense, he is not entitled to federal habeas relief. *See Estelle*, 502 U.S. at 71-72. Nor is federal habeas relief available for the failure to instruct on lesser included offenses in a noncapital case. *See Solis*, 219 F.3d at 929.

Cox is entitled to relief only if he can demonstrate that the failure to instruct on the lesser included offense violated due process. He cannot meet this high burden. As noted by the California Court of Appeal there was overwhelming evidence that Cox intended to shoot at a

1 person standing in front of the occupied building, and he shot the person. There was also
2 overwhelming evidence that Cox intended to shoot towards the occupied building and several
3 bullets hit the building. The state court denial was not objectively unreasonable, and the claim is
4 denied.

## IMPERFECT SELF-DEFENSE

Cox argues that the trial court erred by failing to instruct the jury on imperfect self-defense for the charges of shooting at an occupied building and shooting from a motor vehicle. The trial court did instruct the jury on imperfect self-defense with respect to the attempted murder count. *Cox,* 2016 WL 4939292 at *4. During deliberations the jury asked if imperfect self-defense also applied to shooting at an occupied building and shooting from a motor vehicle, and the trial court responded that the defense did not apply. *Id*.

### Legal Standard

A state trial court's refusal to give an instruction does not alone raise a ground cognizable in federal habeas corpus proceedings. *See Dunckhurst v. Deeds*, 859 F.2d 110, 114 (9th Cir. 1988). The error must so infect the trial that the defendant was deprived of the fair trial guaranteed by the Fourteenth Amendment. *See id*. Due process requires that "'criminal defendants be afforded a meaningful opportunity to present a complete defense.'" *Clark v. Brown*, 450 F.3d 898, 904 (9th Cir. 2006) (quoting *California v. Trombetta*, 467 U.S. 479, 485 (1984)). Therefore, a criminal defendant is entitled to adequate instructions on the defense theory of the case. *See Conde v. Henry*, 198 F.3d 734, 739 (9th Cir. 1999) (error to deny defendant's request for instruction on simple kidnaping where such instruction was supported by the evidence). Due process does not require that an instruction be given unless the evidence supports it. *See Hopper v. Evans*, 456 U.S. 605, 611 (1982); *Menendez v. Terhune*, 422 F.3d 1012, 1029 (9th Cir. 2005). The defendant is not entitled to have jury instructions raised in his or her precise terms where the given instructions adequately embody the defense theory. *United States v. Del Muro*, 87 F.3d 1078, 1081 (9th Cir. 1996). The omission of an instruction is less likely to be prejudicial than a misstatement of the law. *See Walker v. Endell*, 850 F.2d 470, 475-76 (9th Cir. 1987) (citing *Henderson v. Kibbe*, 431 U.S. 145, 155 (1977)). Thus, a habeas petitioner whose claim involves a

7

failure to give a particular instruction bears an "'especially heavy burden.'" *Villafuerte v. Stewart*, 111 F.3d 616, 624 (9th Cir. 1997) (quoting *Henderson*, 431 U.S. at 145).

**Discussion**

The California Court of Appeal denied this claim:

> "Imperfect self-defense is the killing of another human being under the actual but unreasonable belief that the killer was in imminent danger of death or great bodily injury. [Citation.] Such a killing is deemed to be without malice and thus cannot be murder." (*People v. Booker* (2011) 51 Cal. 4th 141, 182.) Imperfect self-defense is "not a true defense; rather, it is a shorthand description of one form of voluntary manslaughter." (*People v. Barton* (1995) 12 Cal.4th 186, 200.)
>
> Several courts have held imperfect self-defense is limited to murder charges and does not apply to shooting at an occupied building or shooting from a motor vehicle. (*See People v. Iraheta* (2014) 227 Cal. App. 4th 611, 624 (*Iraheta*) [imperfect self-defense does not apply to section 246]; *People v. Rodarte* (2014) 223 Cal. App. 4th 1158, 1171 (*Rodarte*) [imperfect self-defense does not apply to shooting from a motor vehicle]; *People v. Vallejo* (2013) 214 Cal. App. 4th 1033, 1041 [same].)
>
> We agree imperfect self-defense does not apply to these crimes. "The unreasonable self-defense theory for murder is based on the principle that a person who believes in the need for self-defense 'lacks the crucial characteristic of "malice aforethought" [which is the] awareness that one's conduct does not conform to the expectations of society.'" (*Rodarte*, *supra*, 223 Cal. App. 4th at p. 1171.) However, neither shooting at an occupied building nor shooting from a motor vehicle has a malice aforethought requirement. (§ 246.) It would make no sense to apply a principle intended to negate malice aforethought to crimes not requiring malice aforethought. (*Rodarte*, *supra*, 223 Cal. App. 4th at p. 1171.)
>
> Despite the now fairly well-developed authority on this point, defendant asks us to conclude otherwise based on *People v. McKelvy* (1987) 194 Cal. App. 3d 694 (*McKelvy*), in which the lead opinion of a single justice concluded imperfect self-defense applied to mayhem, which is also a general intent crime. (*Id*. at p. 704.) The opinion explained: "Although the 'malice' required for the offense of mayhem differs from the 'malice aforethought' [required for murder], it is equally true in both cases that the requisite state of mind is inconsistent with a genuine belief in the need for self-defense." (*Id*. at p. 702.) The lead opinion concluded, however, the trial court had not erred in failing to sua sponte instruct on the defense because the doctrine was

8

> undeveloped at the time. (*Id*. at pp. 706-707.) The two other members of the panel concurred "in the judgment only" and saw "no need for the discussion in the lead opinion regarding the sua sponte requirement to instruct with regard to this defense." (*Id*. at pp. 707-708.)
>
> We decline to follow *McKelvy* and cannot improve on the reasons for [declining] to do so given in *Iraheta*, from which we quote: "*McKelvy* is not persuasive for several reasons. First, the lead opinion did not command a majority for its conclusion because the two nonauthoring justices concurred only in the result. (*See People v. Vallejo*[,*supra*,] 214 Cal. App. 4th 1033, 1040 [the *McKelvy* lead opinion 'is not binding authority']; *People v. Quintero* [(2006)] 135 Cal. App. 4th [1152,] 1166; *People v. Sekona* [(1994)] 27 Cal. App. 4th [443,] 451.) Second, the lead opinion's conclusion regarding the imperfect self-defense instruction 'was dictum, because the court affirmed the defendant's conviction despite the absence of [an imperfect self-defense] instruction.' (*People v. Hayes* (2004) 120 Cal. App. 4th 796, 801-802 . . . .) Third, no other reported decision has followed *McKelvy*, and its reasoning 'has been uniformly rejected.' (*People v. Rodarte*, *supra*, 223 Cal. App. 4th at p. 1169; *see People v. Szadziewicz* (2008) 161 Cal. App. 4th 823, 835.) Indeed, appellate courts since *McKelvy* have held imperfect self-defense instructions are inapplicable or need not be given sua sponte when the defendant is charged with mayhem." (*Iraheta*, *supra*, 227 Cal. App. 4th at pp. 621-622.)
>
> We therefore join the current view that imperfect self-defense is not applicable to general intent crimes and conclude the trial court did not err in failing to instruct on the defense as to the crimes of shooting at an occupied building and shooting from a motor vehicle.

*Cox,* 2016 WL 4939292 at *4-5.

The California Court of Appeal discussed in detail the law surrounding imperfect self-defense and its application to shooting at an occupied building and shooting from a motor vehicle. California state law is clear that imperfect self-defense does not apply to these crimes. This Court is bound by the state court's interpretation of state law. *See Coleman v. Johnson*, 566 U.S. 650, 655 (2012) (per curiam) ("federal courts must look to state law for 'the substantive elements of the criminal offense'"); *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam) ("a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."); *Solis*, 219 F.3d at 927 ("We accept, as we must, the California Supreme Court's identification of the elements of the offense.").

Cox has not identified any established federal authority concerning imperfect self-defense for these charges, nor has he demonstrated that the trial court's failure to issue the jury instruction deprived him of a fair trial or the ability to present a defense. Cox was still able to present evidence of self-defense despite not being able to use the imperfect self-defense instruction for these charges. The state court denial was not unreasonable, and this claim is denied.

## CERTIFICATE OF APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court that issues an order denying a habeas petition to either grant or deny therein a certificate of appealability. *See* Rules Governing § 2254 Cases, Rule 11(a).

A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the certificate must indicate which issues satisfy this standard. *Id*. § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, petitioner has made no showing warranting a certificate and so none is granted.

## CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is **DENIED**. A Certificate of Appealability is **DENIED**. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

**IT IS SO ORDERED.**

Dated: September 4, 2018

JAMES DONATO
United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS COX,<br><br>    Plaintiff,<br><br>v.<br><br>W.L. MUNIZ,<br><br>    Defendant. | Case No. 17-cv-05723-JD<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 4, 2018, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Nicholas Cox ID: AU6159
Salinas Valley State Prison BLDG 3 1-38
P.O. Box 1050
Soledad, CA 93960-1050

Dated: September 4, 2018

                                                Susan Y. Soong
                                                Clerk, United States District Court

                                                By: *Lisa R. Clark*
                                                LISA R. CLARK, Deputy Clerk to the
                                                Honorable JAMES DONATO